Okey, J.
An indictment was found November 2,1880, in tlie court of common pleas of Hamilton county, against Andrew J. Tullís, Ephi-aim Martin, Jacob Nine, and others, in which it was charged, that after the death of Jeremiah C. Tullís, to wit, on September 15, 1880, with intent to defx-a.ud, *201 they forged a certain instrument purporting to be a deed by said Jeremiah C. Tuliis, bearing date December 11,1877, when J. C. Tuliis was living, conveying in fee simple, with covenants of seizin, against incumbrance, and of general warranty, to Jacob Nine, aforesaid, 6,000 acres of land (properly described) in the state of Tennessee, in consideration of one dollar and in exchange for certain real estate
The defendants severed, and on March 25, 1882, the jury returned a verdict of guilty against Andrew J. Tuliis, upon which he was sentenced to the penitentiary. A petition in error has been filed by him in this court, in which he sets forth several alleged errors as ground of reversal; and we find that at least one of the erroi's is well assigned.
Jacob Nine, one of the defendants, was summoned as a witness on behalf of A. J. Tuliis, and was in consultation with him and his attorneys until the jury was impaneled and sworn, and counsel for the defendant Tuliis, as well as the prosecuting attorney, had stated the case to the jury jmeliminary to the introduction of the evidence. Indeed, the preliminary address of Tuliis’ counsel was based on the statements of Nine, who sat at his side until it was completed. That statement was, in substance, that he had conveyed certain lands to J. O. Tuliis and received from him certain bonds and a deed for lands in West Virginia; that the bonds were in fact worthless, and Tuliis had no title to the West Virginia lands ; that the deed in question in this case was executed in consequence of such failure of consideration in the original contract; and that he saw J. C. Tullís sign the deed here in question, and the same was genuine. He had made the same statement to other persons, and it does not appear that he had said anything inconsistent with it until after the case was called for trial. Previous to such preliminary statement to the jury, however, Nine had, unknown to A. J. Tuliis and his counsel, made a communication to the prosecuting attorney, upon the strength of which he placed Nine on the stand as a witness for the state, and Nine testified in direct conflict with the statements which he had made to the counsel of Tuliis, so far as they related to the execution of the deed here in question, and gave evidence *202 tending to show that the defendant Tullis had committed the forgery charged in the indictment. On cross-examination Nine admitted, in substance, that the defendant Martin had come to him, some time before the trial, with a proposition for a settlement of the difficulty, so far as he (Nine) was concerned, and said that he had talked with and could obtain from the administrators of J. C. Tullis, not only compensation for all he (Nine) had lost in the transaction with J. C. Tullis, but also the payment of his expenses, if he would testify as he finally did testify on the trial. The object of the administrators, it is claimed, was to convict A. J. Tullis in this case, and thereby enable them to discredit him as a witness in other cases in which it was expected he would testify as to the validity of deeds for other lands purporting to have been executed by J. C.'Tullis. The prosecuting attorney moved the court to strike out the evidence of Nine as to such conversation with Martin, on the ground that it was incompetent, and the court sustained the motion, and thereupon the defendant Tullis excepted.
We are unanimous in holding that the court erred in excluding from the jury the evidence as to Martin’s declarations. There wa%testimony tending to show that J. C. Tullis had sold to Nine certain bonds and executed to him a deed for West Virginia lands, and that the bonds were worthless and the title to the lands failed, and hence that Nine had a valid claim against him. The theory of the defendant Tullís was that the deed alleged to have been forged was in fact a valid instrument executed by J. C. Tullis in settlement of Nine’s claim. Nine ■admitted in his testimony that he had made declarations fully in accordance with this theory. It was for the jury to say whether his testimony on the trial, or such previous statement, or either, was true. As tending to show that the previous statment, and not the testimony, was true, the defendant Tullis offered such evidence of a proposition for settlement. It is always competent to show any interest, bias or prejudice of a witness, and it is the duty of the jury to consider it in connection with his testimony. Whart. Cr. Ev. §§ 476, 477. llore the question was, not whether an offer had been made by one clothed with authority to bind the state, but whether a propo *203 sal had been made by anybody,'and if so what effect it had in controlling the conduct of Nine as a witness.

Judgment reversed.